UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-7637-SVW (KS)                                           Date: September 16, 2019

Title   *Martin Ruiz Sanchez v. M.E. Spearman*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:


**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On September 4, 2019, Martin Ruiz Sanchez ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) On February 8, 2017, following a jury trial, Petitioner was convicted of: continuous sexual abuse of a child (Count 1); lewd act upon a child (Counts 2, 3,4); oral copulation or sexual penetration on a child 10 years of age or younger (Counts 5); misdemeanor child molesting (Count 6, 7); and forcible lewd acts upon a child (Count 8), in violation of California Penal Code §§ 288.5; 288(a); 288.7; 647.6(a)(1); and 288(b)(1).[1] (Petition at 2.) The Petition states that counts 1, 2, 3, 4, 5, and 8 "involve multiple victims," under California Penal Code section 667.61(j)(2). (*Id.*) On April 18, 2017, Petitioner was sentenced to consecutive 25 years to life terms on counts 1-2; consecutive 25 years to life terms on counts 3-4; fifteen years to life on count five; one year each (consecutive) on counts 6-7; and 25 years to life (consecutive) on count 8. (*Id.*)

The Petition ostensibly presents five claims for relief: in Ground One, Petitioner maintains that "[t]he trial court erred in failing to instruct sua sponte, on the lesser included offenses of assault with intent to commit a lewd act upon a child and simple assault as to Adriana A."; and in Ground Two, Petitioner argues that he "was denied effective assistance of counsel if the court had no duty to instruct on lesser included offenses sua sponte." (Petition at 3.) The Petition indicates that Petitioner presented Grounds One and Two to the California Supreme Court, which denied review

---

[1]   *See also People v. Martin Ruiz Sanchez*, Case No. B282235, 2019 WL 1580981, at *1 (Cal. Ct. App. Apr. 2, 2018).

on June 13, 2018. (*Id.*) In Ground Three, however, Petitioner has not identified any discrete claims for relief but, rather, states: "to be developed and exhausted." (Petition at 5) (errors in original). In Grounds Four and Five, Petitioner wrote "same." (*Id.*) Thus, Petitioner has not identified a series of discrete claims for relief in Grounds Three, Four, or Five. Rather, according to Petitioner, the nature and basis for these purported claims is yet to be determined. (*See* Petition at 6.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Further, Habeas Rule 2 requires, *inter alia*, that the Petition name as respondent the state officer who has custody, specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4. Allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

Further, as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Accordingly, the habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Here, the Petition is defective on its face as to Grounds Three, Four and Five because Petitioner has not specified the grounds for relief in these claims nor supported them with a statement with specific facts. Further, Petitioner concedes that, whatever the claims are in Grounds Three through Five, he has not presented them to the California Supreme Court, rendering these "claims" unexhausted and the Petition "mixed." Accordingly, the Petition fails to state a claim in

Grounds Three, Four, and Five upon which relief may be granted, and the Petition is subject to dismissal. *See Rose*, 455 U.S. at 510, 521; *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party); Rule 4, Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Rule 72-3.2.

**Accordingly, IT IS HEREBY ORDERED that, no later than October 16, 2019, Petitioner shall file <u>one</u> of the following:**

**(1)** a First Amended Petition that both articulates the legal and factual basis for each claim raised <u>and</u> establishes that the exhaustion process is complete as to all claims raised;

**(2)** <u>both</u> a First Amended Petition that articulates the legal and factual basis for each claim raised <u>and</u>, if one or more of the claims are unexhausted, a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) that establishes *all three* of the following:  (a) "good cause" for Petitioner's failure to exhaust all of his claims; (b) the unexhausted claims are "potentially meritorious;" and (c) Petitioner's failure to exhaust some of his claims is not due to "intentionally dilatory litigation tactics; OR

**(3)** a signed document entitled "Notice of Voluntary Dismissal," in which Petitioner dismisses Grounds Three, Four, and Five pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure;

**If Petitioner fails to file a response that complies with this Order by the October 16, 2019 deadline, the Court will recommend dismissal of this case without prejudice.**

The Clerk is directed to send Petitioner a copy of the Central District's form state habeas petition with this Order.

**IT IS SO ORDERED**.

                                                                                                :
                                                              **Initials of Preparer**   gr